UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| NICKEY GREGORY COMPANY, LLC, and<br>FIRST CUT PRODUCE, INC., an Illinois<br>corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>ROBISON FARMS, LLC, et al.<br><br>       Defendants | Civil Action No: 6:06-02070-HMH<br><br>**OPINION & ORDER** |

Nickey Gregory Company, LLC ("Gregory"), filed a civil action alleging violations of the Perishable Agricultural Commodities Act ("PACA") and other causes of action against defendants Robison Farms, L.L.C., ("Robison"), and Cindy Robison. The complaint seeks an order enforcing payment from the produce trust established under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and damages.

The court has subject matter jurisdiction over this action. 7 U.S.C. § 499e(c)(5).

On July 20, 2006, the Court issued a Temporary Restraining Order preventing defendants from alienating or dissipating any assets of Robison. The Order further scheduled a hearing on Gregory's motion for Preliminary Injunction for July 27, 2006.

Gregory properly served all of the pleadings upon defendants as required by the Order.

Pending before the court is Gregory's motion for preliminary injunction.

Courts in this circuit examine four factors in ruling on a motion for equitable relief: (1) the irreparable harm to plaintiff; (2) the irreparable harm to the defendant; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest. See Blackwelder Furniture Co.

1

of Statesville, Inc. v. Seilig Mfg. Co., Inc. 550 F.2d 189, 193-95 (4th Cir 1977).  The balance of harms in this equation can be all but determinative.  See Direx Israel. Ltd. v. Breakthrough Med. Corp., 962 F.2d 802, 808 (4th Cir. 1991).  If there is a decided imbalance of hardship in favor of the plaintiff, then "it will ordinarily be enough that the plaintiff has raised questions going to the merits so seriously, substantial, difficult, and doubtful, as to make them fair ground for litigation." Blackwelder, 550 F.2d at 195.  If, however, the question of harm less obviously favors the plaintiff, the Court must more closely analyze the plaintiff's likelihood of success. Direx, 952 F.2d at 812.

Having considered the motion, the memorandum of law in support, the affidavit of Gregory's representative in support of the motion, the court finds that Gregory has established a strong likelihood of success on the merits of its PACA claim against defendants and that imminent irreparable injury is likely to result if injunctive relief against defendants is not ordered pending further court proceedings.  Granting the preliminary injunction does not result in greater harm to the defendants since the injunction promotes enforcement of a federal law. Additionally, enforcing a federal law expressly enacted to benefit the public interest is within the public interest.

Gregory offers evidence from the affidavit of Gregory's representative that Gregory is a produce creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c), and has not been paid for produce in the amount of $75,557.75 supplied to defendants as required by PACA.  Defendants are in severe financial jeopardy in that they have:  1) failed to pay Gregory; and 2) have ceased operations without having paid Gregory.

A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers.  7

U.S.C. § 499e(c)(2).  Congress has recognized that if a PACA trust is "dissipated, it is almost impossible for a beneficiary to obtain recovery" from the trust.  <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154 (11th Cir. 1990) (citing legislative history); <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3d Cir. 2000)   As set forth above, the fact that defendants have failed to pay; advised Gregory that they are unable to pay Gregory the trust funds that are owed as required by the PACA trust provisions; and have ceased operations without making payment to Gregory is evidence of dissipation of trust assets which is a form of irreparable injury as indicated by the legislative history cited in the <u>Frio Ice</u> case.

Finally, any threatened injury to Gregory outweighs whatever damages the proposed injunction may cause defendants, and the issuance of the injunction is not contrary to the public interest.  7 U.S.C. § 499e(c)(1).

## PRELIMINARY INJUNCTION ORDER

**IT IS ORDERED** that Gregory's motion for Preliminary Injunction is granted.

**IT IS FURTHER ORDERED** that defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and/or related entities shall not alienate, dissipate, pay over or assign any assets of Robison or its subsidiaries or related companies except as set forth herein.

**IT IS FURTHER ORDERED** that within five (5) business days of the date of this Order, defendants shall supply to Gregory's counsel the following documents regarding the assets and liabilities of Robison and its related subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all records, such as checking account registers, showing how any funds of

the company were spent in the last six (6) months.

**IT IS FURTHER ORDERED** that defendants and/or any banking institutions shall, within two (2) business days of service of this Order, pay any and all funds realized from the sale of produce or products derived from produce in their possession up to $75,557.75 to Weyman C. Carter, Esq., McNair Law Firm, Bank of America Plaza, 101 N. Main Street, Suite 900, Greenville, South Carolina 29601, attorney for Gregory, to be held in trust pending further order of this court.

**IT IS FURTHER ORDERED** that any and all funds belonging or owing to Robison, in the possession of third parties, including all funds belonging to Robison on deposit at banking institutions and/or all funds in the possession of its customers, up to $75,557.75, shall be immediately paid to Weyman C. Carter, Esq., McNair Law Firm, Bank of America Plaza, 101 N. Main Street, Suite 900, Greenville, South Carolina 29601, attorneys for Gregory, to be held in trust pending further order of this court.

**IT IS FURTHER ORDERED** that the attorneys for Gregory are hereby authorized and directed to collect all outstanding accounts receivables of Robison, and transfer said collections to Gregory's counsel, and that defendants and their counsel are required to cooperate with Gregory's attorneys in providing any necessary documents to effect collection. Any proceeds of receivables shall be held in trust pending further order of the court.

     Gregory shall forthwith serve Defendants, and counsel or record, with a copy of this Order.

DATED: July 28, 2006                                      s/Henry M. Herlong, Jr.
                                                                        United States District Judge